**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CONNECTICUT COMMUNITY BANK,** | : | |
| **NATIONAL ASSOCIATION,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO.** |
| | : | **3:06-cv-1293 (VLB)** |
| **THE BANK OF GREENWICH,** | : | |
|     **Defendant.** | : | **February 11, 2008** |

**MEMORANDUM OF DECISION AND ORDER DENYING THE DEFENDANT'S
MOTION IN LIMINE TO PRECLUDE CONFUSION LOGS [DOC. #57]**

The plaintiff, Connecticut Community Bank, N.A. ("CCB"), brings this

action against the defendant, The Bank of Greenwich ("BOG"), alleging trademark

infringement in violation of the Lanham Act, 15 U.S.C. § 1051 et seq. Currently

before the court is BOG's motion in limine that seeks to preclude CCB from

introducing at trial their "confusion logs," and testimony regarding the contents

of those logs, as evidence of actual confusion between CCB and BOG. For the

reasons hereinafter set forth, the motion is DENIED.

CCB was created through the merger of smaller banks operating in

Connecticut, including The Greenwich Bank & Trust Company. It continues to

operate banks bearing the mark The Greenwich Bank & Trust Company. CCB

alleges that BOG's use of the name, The Bank of Greenwich, is likely to cause

confusion with CCB's mark The Greenwich Bank & Trust Company in violation of

the Lanham Act, 15 U.S.C. § 1114(1)(a).

1

The Second Circuit evaluates the likelihood of confusion using the eight factors identified in <u>Polaroid Corp. v. Polarad Electronics Corp.</u>, 287 F.2d 492 (2d Cir. 1961). One <u>Polaroid</u> factor the court considers is evidence of actual confusion between the parties' products or services. <u>Id.</u> at 495. The owner of a mark may introduce anecdotal evidence of actual confusion in support of its claims. <u>Nora Bevs Inc. v. Perrier Group of Am.</u>, 269 F.3d 114, 124-25 (2d Cir. 2001) ("anecdotal evidence is admissible to establish actual consumer confusion").

To prove actual confusion, CCB proposes to introduce at trial its "confusion logs," which are standard forms completed by employees memorializing alleged instances of actual customer confusion. To support the evidence contained in the confusion logs, CCB also plans to have the drafter of each log testify at trial. BOG objects to the introduction of the confusion logs in their entirety as evidence, and testimony in support thereof, because the customer confusion documented in the logs constitutes inadmissable hearsay.

More than a decade ago, the Second Circuit settled the question of admissibility of the proposed evidence in favor of admission in <u>Fun-Damental Too v. Gemmy Indus. Corp.</u>, 111 F.3d 993 (2d Cir. 1997). That case presented facts on all fours with the case at bar. In <u>Fun-Damental,</u> the plaintiff sued the defendant for infringing on its mark through the sale of toy banks so similar to its own as to create a likelihood of confusion. The defendant appealed the district court's decision to allow, over its hearsay objection, employee testimony regarding customer complaints of actual confusion, namely that other stores sold

the plaintiff's toy bank at a lower price, when, in reality, the customer had seen

the defendant's toy bank sold at the lower price.  Id. at 1003.  The Second Circuit

held:

> There is no hearsay problem.  Hearsay is an out-of-court statement
> admitted for the truth of the matter asserted.  See Fed. R. Evid. 801.
> The testimony in question was not offered to prove that
> Fun-Damental was actually selling to some retailers at lower prices,
> but was probative of the declarant's confusion.  Further, Federal
> Rule of Evidence 803(3) allows statements, otherwise excluded as
> hearsay, to be received to show the declarant's then-existing state of
> mind.  The district court properly considered the statements.  See
> Armco, Inc. v. Armco Burglar Alarm Co., Inc., 693 F.2d 1155, 1160
> n.10 (5th Cir. 1982) (testimony by plaintiff's employees that
> customers called for defendant company was admissible to show
> confusion in minds of declarants).

Id. at 1003-04.

The same rule applies to the case at hand.  The information contained in

the confusion logs and the accompanying testimony of the employee who

witnessed the customer's confusion is admissible to show the customer's then

existing state of mind of confusion.  Id.; see also Suisman, Shapiro v. Suisman,

2006 U.S. Dist. Lexis 8075 (D. Conn. Feb. 15, 2006).

BOG raises other objections to the admissibility of certain of the confusion

logs.  First, BOG objects to confusion logs describing the confusion of

individuals who are not current, active customers of either BOG or CCB as

irrelevant.  The legal authority cited by BOG in support states that the relevant

population group to analyze actual confusion is "consumers in the marketplace,"

Paco Sport, Ltd., v. Paco Rabanne Parfums, 86 F. Supp. 2d 305, 319 (S.D.N.Y.

2000), or "potential purchasers." <u>Lobo Enters. Inc. v. Tunnel, Inc.</u>, 693 F. Supp. 71, 77 (S.D.N.Y. 1988). To be a consumer in the marketplace or a potential purchaser does not require the confused declarant to have an open bank account with either CCB or BOG. The declarant in each of the confusion logs appears to be a competent adult in Greenwich, Connecticut, in the midst of a conversation or transaction involving the banking services offered by CCB and BOG. These are all potential consumers of banking services in the marketplace in which CCB and BOG offer banking services.

Second, BOG characterizes certain confusion logs (Exs. 30, 31, 34, 35, 42, 43, 46, 53, 56, 57) as inquiries into a possible affiliation between CCB and BOG, as opposed to instances of actual confusion between the banks. BOG quotes <u>Nora Beverages</u> for the proposition that "inquiries about the relationship between an owner of a mark and an alleged infringer do not amount to actual confusion." <u>Nora Beverages</u>, 269 F.3d at 124. As an initial matter, BOG inaccurately portrays the confusion logs in question, with the exception of Exhibit 57. All the other exhibits are clearly instances where a consumer in the marketplace actually confused CCB for BOG, or <u>vice versa</u>. The court also finds Exhibit 57 admissible, as the facts of this case are distinguishable from <u>Nora Beverages</u>. In that case, the mark in dispute was the physical design of water bottles that prominently displayed the dissimilar names of the plaintiff and defendant company. The statements excluded by the court were inquiries as to a relationship between companies based on the physical appearance of a product, despite the different

labels.

The case at hand is more similar to <u>Virgin Enterprises, Ltd. v. Tahir Nawab</u>, 335 F.3d 141 (2d Cir. 2003).  In <u>Virgin</u>, the court properly considered consumer inquiries into a relationship between the Virgin Wireless phone store owned by the defendant and the Virgin electronics stores owned by the plaintiff.  <u>Virgin Enters.</u>, 335 F.3d at 151.  The similarity in name between the bank branches operated by CCB and BOG imply a relationship between the service providers, as opposed to a similarity in the product for sale, such as water bottles.  Exhibit 57 is admissible as evidence of actual confusion.  <u>See</u> <u>Morningside Group., Ltd. v. Morningside Capital Goup, L.L.C.</u>, 182 F.3d 133, 141 (2d Cir. 1999) ("evidence of actual confusion regarding affiliation or sponsorship is also entirely relevant to the ultimate likelihood-of-confusion inquiry").

Finally, BOG objects to the admission of certain confusion logs not prepared contemporaneously with the instances of actual confusion.  This argument was predicated on the court finding the documents admissible as a present sense impression exception to the hearsay rule, pursuant to Federal Rule of Evidence 803(1), which permits statements describing an event or condition made while the declarant was perceiving the event or condition or immediately thereafter.  As the court finds the logs admissible pursuant to Rule 803(3), which permits statements of a declarant's then existing state of mind, BOG's argument

cannot preclude admission of the confusion logs.[1]  The court will, however, consider the totality of the circumstances surrounding the creation of the logs, including any time lapse between the alleged instances of confusion and their memorialization as factors speaking to the credibility and weight of the evidence.

Based on the above reasoning, the motion to preclude confusion logs and testimony regarding their contents as evidence at trial is DENIED.  All evidence and testimony introduced at trial must still comply with the Federal Rules of Evidence and Federal Rules of Civil Procedure beyond this ruling.

IT IS SO ORDERED.

_____/s/_____

Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: February 11, 2008.

---

[1]The court notes, however, that many of the confusion logs would also be admissible pursuant to Rule 803(1), or Rule 803(2), which permits statements relating to a startling event or condition made while the declarant was under the stress or excitement caused by the condition.